## STATE V. LEWIS.

### Decided June 7, 1890.

*Indictment—Failure of justice to apportion road-hands—Acceptance of appointment.*

> An indictment of a justice of the peace for failure to apportion hands to a road district, which alleges his appointment as apportioning justice but fails to allege his acceptance of such appointment, is defective.

ERROR to *Drew* Circuit Court.

CARROLL D. WOOD, Judge.

This was an indictment against a justice of the peace for non-feasance in office. It charged that the said Henry Lewis, in the county and State aforesaid, on or about the 1st day of August, 1889, being then and there the apportioning justice of the peace in and for the township of Bartholomew, county and State aforesaid, having been by the county court of said county of Drew, at its January term, 1889, appointed such apportioning justice of said Bartholomew township, and having been served with a written notice of such appoint- ment by the sheriff of Drew county, as the law directs, did unlawfully fail and refuse to appoint and apportion, within thirty days after the written notice of his appointment as such apportioning justice by the county court as aforesaid, the hands on road district No. 8, in Bartholomew township, in said county, subject to the road duty and not apportioned to

any other road district, and give a list of the hands so apportioned to the said Jones as road overseer, and file a copy of said list of hands in the clerk's office of said county of Drew, as the law requires, contrary to the statute in such cases made and provided, and against the peace and dignity of the State of Arkansas.

The defendant demurred to the indictment because it charged no public offense, and because, by section 5925 of Mansfield's Digest, the county court had exclusive jurisdiction of the subject-matter.

The court sustained the demurrer. Appellant excepted and appealed.

*W. E. Atkinson*, Attorney General, and *T. D. Crawford* for appellant.

The circuit court has exclusive jurisdiction of all misdemeanors, except where concurrent jurisdiction has been conferred upon justices of the peace or corporation courts. Const., art. 7, secs. 40, 43; 37 Ark., 431; 32 Ark., 241; 34 Ark., 188; 45 Ark., 387; 11 S. W. Rep., 882; Const., art. 7, secs. 11, 27.

Section 5295 was necessarily repealed by the adoption of the constitution.

Where a duty is imposed by statute or common law, the official violating it is by law indictable and punishable as for a misdemeanor. 2 Swan., 57; 5 Mod., 179; 35 N. H., 232; Bish., Dir. and Forms, sec. 683; Bish., St. Cr., sec. 138.

The duty was a ministerial one, and it was not necessary to allege that it was done "corruptly" or "willfully." 2 Bish., Cr. Law, sec. 976; 3 Park., Cr. Rep., 173; 77 N. C., 506; 37 Ark., 426; 28 Ark., 207; 37 Ark., 439.

COCKRILL, C. J. The duty of apportioning hands to work highways is not imposed by statute upon justices of the

peace in general. The county court is required, by section
5922 of Mansfield's Digest, to designate one for each town-
ship, to perform the duty. Section 5925, which is from the
same act as 5922, contemplates that there shall be an ac-
ceptance of the appointment as apportioning justice, as in
the case of road overseers, and authorizes a punishment by
the county court as for contempt, for a refusal to accept the
appointment. The acceptance may be informal, and may be
manifested by any act on the part of the justice indicating
the intention to take upon himself the duty imposed. *State
v. Stroope*, 20 Ark., 202; *Chiles v. State*, 45 Ark., 143.
But, until he accepts, he is not an apportioning justice, and
cannot, therefore, be punished for a neglect of the duty im-
posed upon one accepting the appointment as such.

The indictment is defective because it does not charge an
acceptance of the appointment.

Affirm.